# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

MARION P. HAMMER,

    Plaintiff,

v.                                  CASE NO. 4:18cv329-RH/CAS

LAWRENCE T. "LOL" SORENSEN,
CHRISTOPHER RISICA,
HOWARD WEISS, and
PATRICK SULLIVAN,

    Defendants.

_____/

## ORDER DISMISSING THE CLAIMS AGAINST MR. SORENSEN

The plaintiff Marion P. Hammer, a nationally known advocate for gun rights, asserts that she received threatening emails from each of the four defendants. One, Lawrence T. Sorensen, has moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted. This order dismisses the claims against Mr. Sorensen for failure to state a claim. The dismissal does not affect the claims against the other defendants.

Mr. Sorensen sent Ms. Hammer two emails, each transmitting one or more photographs showing injuries from gunshot wounds. Sending these unsolicited to anyone, even a public figure who advocates gun rights, was inappropriate, indeed disgusting. As Ms. Hammer correctly notes in response to the motion to dismiss, "there are limits on how people can treat those with whom they disagree." ECF No. 29 at 1. Or at least on how people *should* treat those with whom they disagree. Emails like these should not be sent in a civilized society.

That does not mean, though, that emails like these can be made criminal or even tortious. Tolerating incivility, at least to some extent, is a price a nation pays for freedom. There is no clear line between incivility, on the one hand, and effective advocacy, on the other. Turning loose a legislature, judge, or jury to ferret out incivility would deter and even sometimes punish the robust public discourse that is essential to freedom—the public discourse whose protection is the main object of the First Amendment. *See, e.g.*, *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 300 (1964) ("If individual citizens may be held liable in damages for strong words, which a jury finds false and maliciously motivated, there can be little doubt that public debate and advocacy will be constrained.")

Accordingly, not all inappropriate, disgusting speech is tortious, and not all otherwise-tortious speech can be banned consistently with the First Amendment. *See Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 53 (1988). Mr. Sorensen

should not have sent these photographs unsolicited to Ms. Hammer, but Mr. Sorensen did not threaten Mr. Hammer, explicitly or implicitly. The text of his first email said only, "Thought you should see a few photos of handiwork of the assault rifles you support." ECF No. 1-29 at 5. Attached were three graphic photographs of leg injuries that probably resulted from gunshots. The second email's text said only, "This photo documents the effect of an outdated military rifle on JFK. Today's assault rifles are far more destructive." *Id*. at 2. Attached was a photograph probably taken during the President's autopsy.

The photographs were graphic, partly because they apparently depicted actual injuries. But images as graphic, or nearly so, can be seen in movies and videogames, on cable if not also network television, and in medical literature. The photographs were germane to the policy debate that Ms. Hammer regularly participated in and Mr. Sorensen apparently sought to join. Sending these photographs, at least in these circumstances, was not tortious. And treating them as tortious would violate the First Amendment.

For these reasons,

IT IS ORDERED:

1. Mr. Sorensen's motion to dismiss, ECF No. 28, is granted. The claims against Mr. Sorensen are dismissed.

2. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

3. Mr. Sorensen's motion to compel discovery, ECF No. 32, is denied as moot.

4. The claims against the other defendants remain pending.

SO ORDERED on November 17, 2018.

s/Robert L. Hinkle
United States District Judge
