IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARION P. HAMMER,

    Plaintiff,

v.                                  CASE NO. 4:18cv329-RH/CAS

LAWRENCE T. "LOL" SORENSEN,
CHRISTOPHER RISICA,
HOWARD WEISS, and
PATRICK SULLIVAN,

    Defendants.

_____/

## INJUNCTION AGAINST MR. RISICA AND MR. WEISS

    The plaintiff Marion P. Hammer, a nationally known advocate for gun rights, filed this diversity-of-citizenship action against four defendants: Lawrence T. Sorensen, Christopher Risica, Howard Weiss, and Patrick Sullivan. Ms. Hammer asserts she received separate threatening emails from each of the four.

    This order addresses the claims against Mr. Risica and Mr. Weiss. The record shows that each was served with process but failed to respond. The clerk properly entered defaults. Ms. Hammer has moved for partial summary judgment and for entry of an appropriate injunction against these defendants.

The record shows that Mr. Risica and Mr. Weiss independently sent emails to Ms. Hammer that a factfinder, when drawing reasonable inferences in Ms. Hammer's favor, could find threatening. This would support a default judgment but not a summary judgment, because on summary judgment, all reasonable inferences must be drawn in favor of, not against, the nonmoving party.

This order construes the motion for partial summary judgment as a motion for partial default judgment. *Cf. Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1331 (11th Cir. 2014) (A "motion for an entry of default judgment is a motion for an entry of default judgment is a motion for an entry of default judgment is a motion for an entry of default judgment—even if its writer calls it a motion for judgment on the pleadings."); *see also Columbus Life Ins. Co. v. Allen*, No. 3:13-cv-1612, 2015 WL 12696200, at *1 (M.D. Fla. Apr. 23, 2015) ("While Ms. Allen has styled her Motion as a Motion for Summary Judgment, it is actually a motion for default judgment.").

The bottom line is this. Sending threatening emails can be tortious. The complaint alleges that Mr. Risica and Mr. Weiss sent emails that reasonably could be construed as threatening. The complaint thus states a claim against these defendants on which relief can be granted. They have defaulted. Ms. Hammer is entitled to a default judgment on liability against them. Because they have sent these emails in the past and have no substantial interest in sending further emails to

Ms. Hammer, an injunction can properly prohibit them not only from threatening Ms. Hammer but also from sending any further emails to Ms. Hammer.

For these reasons,

IT IS ORDERED:

1. The motion for partial summary judgment, ECF No. 36, is deemed a motion for a default judgment on liability. The motion is granted.

2. Mr. Risica must not send any email to Ms. Hammer and must not threaten Ms. Hammer.

3. Mr. Weiss must not send any email to Ms. Hammer and must not threaten Ms. Hammer.

4. The injunctions in paragraphs 3 and 4 bind the defendant and his officers, agents, servants, employees, and attorneys—and others in active concert or participation with any of them—who receive actual notice of this injunction by personal service or otherwise.

5. By March 19, 2019, Ms. Hammer must file a notice stating whether she wishes to proceed with her claim for damages against these defendants. If so, the notice must indicate whether she wishes to have a jury or nonjury trial on damages and the date on or after which she will be ready for trial on damages.

SO ORDERED on February 25, 2019.

                                      s/Robert L. Hinkle
                                      United States District Judge